UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES EDWARD FERRIS,

        Plaintiff,

vs.                         Case No. 2:12-cv-23-FtM-29DNF

SCOTT HALL, Captain,

        Defendant.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently confined in the Lee County Jail, initiated this action by filing a *pro se* civil rights complaint form under 42 U.S.C. § 1983 (Doc. #1, Complaint). To the extent discernible, Plaintiff alleges Fourteenth Amendment violations in connection with his current transfer to disciplinary confinement management within the Lee County Jail. See generally Complaint.

In particular, Plaintiff claims that, on August 17, 2011, he and his two roommates received disciplinary actions after a hole was found in their cell wall along with a tool used to dig the hole. Id. at 8. On August 19, 2011, Plaintiff swallowed a razor blade and was immediately transported to the hospital. Upon return to the Lee County Jail, Plaintiff was placed in the "psych unit" for thirty-four days. Id. On December 14, Plaintiff states that "officers intercepted a note" that Plaintiff was sending to his "codefendant, Clayton Meeker, through a third party." Id. at 9.

On December 21, Plaintiff was moved to disciplinary confinement management. Id. Plaintiff states that Defendant Hall advised him that he is being housed in disciplinary management confinement because of the amount of disciplinary confinement time Plaintiff had remaining, Plaintiff's "history," and because officials deemed that Plaintiff "pose[d] a threat to security" at the Jail. Id. Plaintiff in conclusory terms avers that "[i]t is evident that I was singled out in a retaliatory fashion, with the intentions of separating my co-defendant and me." Id.

As a result of his placement in disciplinary confinement management, Plaintiff complains that he is being denied access to his personal property, is being denied "unlimited and out-going mail, telephone, hair clippers, grievances, and law library access." Id. at 12. As relief, Plaintiff seeks to have his "rights restored" and "compensation for time lost that was beneficial to [Plaintiff's] case." Id. at 10.

### I. Exhaustion of Administration Remedies

The Prison Litigation Reform Act ("PLRA"), which amended The Civil Rights of Institutionalized Persons Act, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997e(a) (emphasis added). A prisoner must exhaust all available administrative remedies <u>before</u> filing an action in federal court. <u>Woodford v. Ngo</u>, 548 U.S. 81, 88 (2006)(emphasis added); <u>Higginbottom v. Carter</u>, 223 F.3d 1259, 1261 (11th Cir. 2000). Admittedly, prisoners are not required to plead exhaustion, <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007), however, "[t]here is no question that exhaustion is mandatory under the PLRA, and that unexhausted claims cannot be brought in court." <u>Id.</u> at 211; <u>see also</u> <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011). In order to exhaust his administrative remedies, an inmate is required to comply with "all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." <u>Woodford</u>, 548 U.S. at 90.

Whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. <u>Bryant v. Rich</u>, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, "[e]ven though a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." <u>Id.</u> (footnote, internal quotations, and citations omitted). The defense of exhaustion is properly raised in a motion to dismiss as a "matter of judicial administration." <u>Id.</u> at 1375. Thus, the court is permitted to look beyond the pleadings to decide disputed

issues of fact in connection with the exhaustion defense. Id. at 1377, n.16.

Here, Plaintiff states that inmates who are housed in disciplinary confinement management first must "address all issues" with the Captain. Id. at 11. If the Captain finds an issue is "meritorious, he will grant [the inmate] a request for the specified issue only." Id. Plaintiff states that "it's impossible for [him] to file any form of a grievance unless [he] [is] permitted to do so." Id. Consequently, Plaintiff states that "to complain to the Captain, or anyone else for that matter, is futile, which is which is why [he] [is] seeking relief from the courts." Id. at 12.

Based upon the four corners of the Complaint, the Court finds that the Complaint is subject to dismissal because Plaintiff admits that he has failed to exhaust his available administrative remedies. In particular, Plaintiff describes the administrative remedies as "futile." Instead of attempting to address his claim with Captain Hall and request permission to file a grievance, Plaintiff opted instead to proceed directly to the Court and bypass the grievance procedure available for inmates on disciplinary confinement management. The fact that a grievance procedure is futile does not excuse an inmate from pursing an available grievance procedure. Consequently, the Court will dismiss this

action, without prejudice, pursuant to 42 U.S.C. § 1997e(a) in order that Plaintiff may first exhaust his administrative remedies.

## II. Section 1915 Screening

In the alternative, assuming *arguendo* that the administrative grievance system was unavailable to Plaintiff, the PLRA requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915 is a screening process to be applied sua sponte and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915, "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2)(B)(i)-(iii). The standards that

apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(B)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

Here, liberally construing the Complaint, Plaintiff essentially complains that the conditions to which he is subjected while on disciplinary management confinement violate his Due Process rights. Although the Eighth Amendment's proscriptions apply only to convicted prisoners, it well settled that the same level of protection under the Eighth Amendment is afforded by the due process clause of the Fourteenth Amendment. Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005); Hamm v. DeKalb County, 774 F.2d 1567, 1573-74 (11th Cir. 1985); Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996). Indeed, the Supreme Court has previously recognized that the Fourteenth Amendment rights of general population pretrial detainees are not any different than those of convicted prisoners.

> Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights,

a retraction justified by the considerations underlying our penal system. The fact of confinement as well as the legitimate goals and policies of the penal institution limits these retained constitutional rights. There must be a mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application. This principle applies equally to pretrial detainees and convicted prisoners. A detainee simply does not possess the full range of freedoms of an unincarcerated individual.

Bell v. Wolfish, 441 U.S. 520, 545-46 (1979)(citations and internal quotations omitted).

Here, Plaintiff does not allege the kind of extreme deprivations required to establish a conditions of confinement claim under the Eighth Amendment. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Nor does Plaintiff allege a sequence of events from which one could plausibly infer a retaliatory motive. Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 911 (11th Cir. 2010).

Further, Plaintiff cannot recover monetary compensation for his claim. In order to obtain monetary relief under § 1983, a prisoner-plaintiff must show a physical injury. "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical injury." 42 U.S.C. § 1997e(e); Douglas v. Yates, 535 F.3d at 1321 (affirming district court's *sua sponte* dismissal based upon affirmative defense of § 1997e(e) apparent from face of the complaint).

Finally, Plaintiff cannot recover for his claim stemming from his placement in disciplinary confinement management because Plaintiff does not allege that any of the disciplinary reports, which apparently formed the basis of his confinement, were overturned or expunged. Heck v. Humprey, 512 U.S. 477, 486-87 (1994). In particular, a claim challenging unlawful conduct leading to an unconstitutional conviction, including administrative action while in prison, cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is **not cognizable under § 1983.** Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added). The United States Supreme Court has applied the Heck analysis to actions brought by prisoners who are challenging disciplinary proceedings. See Edwards v. Balisok, 520 U.S. 641, 643-649 (1997); Roberts v.

Wilson, 259 F. App'x 226 (11th Cir. 2007)(affirming district court's § 1915(e)(B)(2)(ii) dismissal of an action pursuant to Heck when plaintiff alleged deprivations of his due process rights during a disciplinary hearing, but never had the disciplinary adjudication invalidated).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's complaint is **DISMISSED without prejudice** for the reasons set forth above.

2. The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate all pending motions; and (3) close the file.

**DONE AND ORDERED** at Fort Myers, Florida, on this __22nd__ day of May, 2012.

*John E. Steele*
JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record